IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISON

| | | |
|---|---|---|
| GAYLA BRATTON, individually and as ) | | |
| Plaintiff ad Litem for Richard Bratton, deceased ) | | |
| 444 S. Sam Houston Boulevard ) | | |
| Houston, Missouri 65482 ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. | |
| ) | | |
| UNITED STATES OF AMERICA ) | | |
| Serve: Office of Chief Counsel ) | | |
| U.S. Department of Veteran Affairs ) | | |
| Building 25, Room 308 ) | | |
| 1 Jefferson Barracks Drive ) | | |
| St. Louis, Mo 63125 ) | | |
| ) | | |
| Defendant. ) | | |

## COMPLAINT
(*Allegations Common to All Counts*)

COMES NOW Plaintiff Gayla Bratton, and for her allegations common to all counts of this Complaint against Defendant states and alleges:

1. Decedent Richard Bratton was at all material times a resident of Texas County, Missouri, residing at 444 S. Sam Houston Boulevard, Houston, Missouri 65482. At all material times, Decedent Richard Bratton was a veteran of the United States Armed Forces and was treated at pertinent times by Department of Veteran Affairs, Harry S. Truman Memorial Veteran's Hospital at 800 Hospital Drive, Columbia, Missouri 65201.

2. This action is brought in accordance with the Missouri Wrongful Death Statute RSMO § 537.080 et seq.

3. At all material times, Plaintiff Gayla Bratton was the wife of Decedent Richard Bratton. Plaintiff Gayla Bratton resides at the above captioned address in Texas County,

1

Missouri. Plaintiff Gayla Bratton is a proper party to bring this suit in the wrongful death of Decedent Richard Bratton pursuant to RSMO § 537.080 (1).

4. Plaintiff Gayla Bratton in her capacity of Plaintiff ad Litem brings this action pursuant to R.S.Mo. §§ 537.020 and 537.021, under the Missouri survival statute, for the loss of chance of recovery of her husband, Decedent Richard Bratton who died on April 10, 2019.

5. Defendant United States of America is a government entity, which has facilities throughout the United States, and in particular, the Department of Veteran Affairs, Harry S. Truman Veteran's Memorial Hospital at 800 Hospital Drive, Columbia, Missouri 65201. (hereinafter referred to as "Defendant USA").

6. This Court has jurisdiction over this matter pursuant to Title 28, U.S.C. § 2671, et seq., the Federal Tort Claims Act, and pursuant to Title 28, U.S.C. § 1346. This case arises in the State of Missouri, more specifically the Western District of Missouri. Venue lies in this Court as the negligent acts complained of occurred in Boone County, Missouri pursuant to 28 U.S.C. § 1391.

7. Plaintiffs timely filed an administrative claim "Form 95" for personal injury with the Department of Veterans Affairs. Such claim was received by the Department of Veteran Affairs on August 29, 2019. More than six (6) months have elapsed since the filing of the administrative claim with no final disposition of such claim.

8. At all material times, the health care providers and/or personnel who attended Decedent Richard Bratton on his admissions and health care treatment at Harry S. Truman Veterans Memorial Hospital from April 1, 2016 until his death on April 10, 2019, directly and indirectly were employed as agents, servants and employees of Defendant USA. In doing and omitting to do all the things alleged herein, Defendant's agents, servants, and employees were

acting within the scope and course of their employment as health care providers and/or personnel for Defendant USA, and Decedent Richard Bratton was monitored and treated by Defendant health care provider's agents, servants, and employees.

## CONSTITUTIONAL OBJECTIONS

9. Plaintiffs wish to raise as early as possible Constitutional objections concerning recent legislation concerning medical malpractice/negligence actions.

10. House Bill 393, enacted in 2005, and numerous particular provisions therein, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

11. House Bill 393 violates the requirements in Article III, Section 23 of the Missouri Constitution that a bill have only a single subject and that that subject be clearly expressed in its title. The title of HB393 purports to repeal various statutes and enact in lieu thereof twenty-three new sections relating to claims for damages and payment thereof. This title is unconstitutionally under-inclusive because the bill addresses multiple subjects and because some of the provisions enacted under the bill relate to claims other than claims for damages.

12. Section 538.210 of the Revised Statutes of Missouri, which purports to limit Plaintiffs' recovery for non-economic damages against a health care provider in an action for damages for personal injury or death arising out of the rendering of or the failure to render health care services, violates:

   a. Plaintiffs' rights to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, because: (1) the cap on non-economic damages irrationally treats plaintiffs in medical malpractice cases differently than plaintiffs in other tort cases, (2) the cap on non-economic damages

3

irrationally treats plaintiffs with severe injuries and large economic damages differently than plaintiffs with little economic damages, (3) the cap on non-economic damages irrationally treats plaintiffs injured by one tortfeasor differently than plaintiffs injured by multiple tortfeasors, (4) the cap on non-economic damages irrationally treats plaintiffs injured by one act, or occurrence, of negligence differently than plaintiffs injured by multiple acts, or occurrences, of negligence, (5) the denial of pre-judgment interest in medical malpractice cases is an arbitrary and irrational distinction between plaintiffs injured by health care providers and plaintiffs injured by other tortfeasors and (6) the cap on punitive damages irrationally treats plaintiffs in tort actions where the defendant pleads guilty to or is convicted of a felony differently than plaintiffs in actions where a criminal prosecution of the defendant is not pursued or is unsuccessful;

b. Plaintiffs' rights to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, because it unreasonably deprives the plaintiff of full and fair compensation for their injuries;

c. Plaintiffs' rights to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute;

d. Plaintiffs' rights to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to trial by jury as provided for in the Constitution includes the right to have a jury determine all of the plaintiffs' damages without interference by the legislature;

e. the separation of powers, established by Article II, Section 1 of the Missouri Constitution, because it is within the fundamental and inherent function of the courts, not the legislature, to remit verdicts and judgments; and

f. the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40 (28) of the Missouri Constitution, because the cap (1) arbitrarily distinguishes between slightly and severely injured plaintiffs, (2) arbitrarily distinguishes between plaintiffs with identical injuries and (3) arbitrarily distinguishes between individual types of injuries.

13. Furthermore, application of § 538.210, which purports to limit plaintiffs' recovery for noneconomic damages against a healthcare provider in an action for personal injury arising out of the rendering or failure to render health care services, would violate the proscription against retroactive laws found in Article I, Section 13 of the Missouri Constitution. Plaintiffs' claims and cause of action accrued prior to August 28, 2005. The statutory changed to (1) caps on noneconomic damages and (2) respondeat superior liability found in revised § 538.210 are substantive in nature, and therefore revised § 528.210 cannot be applied retroactively to Plaintiffs' claims.

14. Section 538.225 of the Revised Statutes of Missouri, which requires plaintiffs' counsel to submit an affidavit stating that counsel has obtained the written opinion of a legally qualified health care provider that each defendant had breached the applicable standard of care, purports to limit the definition of "legally qualified health care provider" to those who either are practicing or have recently practiced the same specialty as the defendant, and purports to require the court to dismiss the action if either plaintiff's counsel fails to submit said affidavit or, after in

camera review of the written opinion, the court determines that there is not probable cause to believe that a qualified and competent health care provider will testify that the Plaintiff was injured due to medical negligence by a defendant, violates:

    a. Plaintiffs' rights to open courts and a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

    b. Plaintiff's rights to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution;

    c. the separation of powers, established by Article II, Section 1 of the Missouri Constitution; and

    d. the requirement that any law amending or annulling a Supreme Court rule of practice, procedure, or pleading be limited to that purpose, established by Article V, Section 5 of the Missouri Constitution.

15. Section 490.715 of the Revised Statutes of Missouri, which purports to transfer from the jury to the court the authority to determine the value of medical treatment rendered to the Decedent, violates Plaintiffs' rights to trial by jury as guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to trial by jury as provided for in the Constitution includes the right to have a jury determine all of the plaintiff's damages without interference by the legislature.

16. Section 408.040 of the Revised Statutes of Missouri, which purports to establish different rates for the calculation of post-judgment interest in tort and non-tort actions, as well as different rates for the calculation of pre- and post-judgment interest in tort actions, violates Plaintiffs' right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution.

17. Section 538.300 of the Revised Statutes of Missouri, which purports to exempt tort claims against health care providers from the statutory requirements for payment of pre- and post-judgment interest set forth in Section 408.040 of the Revised Statutes of Missouri, violates plaintiffs' right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution and the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40 (28) of the Missouri Constitution.

18. Section 537.067 of the Revised Statutes of Missouri, which purports to eliminate the joint and several liability of tort defendants who are found to bear less than fifty-one percent (51%) of the fault for plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury, violates:

   a. Plaintiffs' right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, because it may unreasonably deprive the plaintiffs of full compensation for their injuries; and

   b. Plaintiffs' right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiffs under the statute.

19. Furthermore, the application of §537.067, which purports to eliminate joint and several liability of tortfeasors who are found to bear less than fifty-one percent (51%) of the fault for plaintiffs' injuries, and to prohibit any party from disclosing the impact of this provision to the jury, would violate the proscription against retroactive laws found in Article I, Section 13. Plaintiffs' claims and cause of action accrued prior to August 28, 2005. The statutory changes to

7

joint and several liability are substantive in nature, and therefore § 537.067 cannot be applied retroactively to Plaintiffs' claims.

FACTUAL ALLEGATIONS

20. Decedent Richard Bratton, a longtime patient of the Harry S. Truman Veteran's Memorial Hospital underwent an abdominal CT scan to rule out a suspected incisional hernia on April 1, 2016.

21. Decedent's April 1, 2016 CT scan revealed no incisional hernia but showed "multiple heavily calcified nodules… in the mesenteric fat posteriorly located inferior to the liver and posterolateral to the right kidney." This was the first of several diagnostic imaging results that showed an evolving liposarcoma.

22. Decedent underwent a follow-up CT angiogram of his abdomen in May of 2016 that confirmed the presence of multiple nodular calcified lesions.

23. No further action was taken during 2016 by healthcare providers at Harry S. Truman Veteran's Memorial Hospital concerning Decedent's lesions.

24. On July 14, 2017, Decedent Richard Bratton underwent another follow-up CT angiogram of his abdomen that once again revealed the same calcified nodules that were present on his 2016 CT scans.

25. Decedent's July 2017 CT angiogram also revealed a 6 cm infra-hepatic cyst in the same area. This led to an ultrasound guided aspiration of this lesion which removed 50cc of serosanguinous fluid which contained no cells and grew no organisms. No further studies of this lesion were pursued at that time.

26. On November 29, 2017, Decedent Richard Bratton underwent another CT scan of his abdomen and pelvis, which showed his retroperitoneal cystic lesion with lobulated margins

measuring 7.1 cm x 6.8 x 6.4 cm. Despite this finding, healthcare providers at Harry S. Truman Veteran's Memorial Hospital continued to merely monitor Decedent.

27. Decedent's January 12, 2018 and April 10, 2018 MRI exams demonstrated continued increase in the size of the lesion, but there was no consideration of this in either of the reports as having a malignant potential.

28. Decedent's July 6, 2018 MRI revealed his lesion to measure approximately 11.6 x 77.7 x 9.2 cm, compared to 8.9 x 7.4 x 7.2 com on the previous exam and 6.9 x 7.8 x 6.9 cm on January 12, 2018. The radiologist concluded that these finding were suggestive of a malignant process. Finally, ten days later Decedent underwent a radical resection of this large retroperitoneal mass including his right kidney. The pathology revealed this tumor to be a dedifferentiated liposarcoma with lymphovascular invasion.

29. Decedent sought treatment with sarcoma specialist Benjamin Powers, M.D. at KU Medical Center as timely appointments at the VA were not available. Dr. Powers felt at the time that chemo and radiation were not viable options for his type of cancer and surveilling with imaging was the best approach.

30. Within six months of Decedent's operation, a CT scan performed on December 15, 2018 demonstrated both extensive local recurrence in the tumor bed and metastatic disease in his lungs and liver. Unfortunately, Decedent succumbed to cancer and he died on April 10, 2019.

## COUNT I
(*Wrongful Death*)

COMES NOW Plaintiff Gayla Bratton and for Count I of this Complaint against Defendant USA, pursuant to R.S.Mo. §537.080, states and alleges:

31. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

32. Defendant USA, operating through its agents, servants or employees had a duty to Decedent Richard Bratton to provide medical care in accordance with the accepted standards of care for physicians and hospitals providing medical care, including the proper and timely diagnosis and treatment of medical conditions and disease processes; Defendant USA further had a duty, by and through its agents, servants and employees to provide proper medical care to its patients at the Harry S. Truman Veteran's Memorial Hospital and, in particular to Decedent Richard Bratton.

33. Defendant USA, through its agents, servants and employees, breached said duties by negligently failing to measure up to the standards of due care required by members of Defendant USA's profession in the following particulars, to wit:

    a. In failing to respond appropriately to Decedent's diagnostic and/or radiographic test results; and/or

    b. In failing to inform Decedent Richard Bratton of the potential malignancy of the structures show on his diagnostic and/or radiographic test results; and/or

    c. In failing to appropriately diagnose Decedent Richard Bratton's cancer; and/or

    d. In failing to appropriately treat Decedent Richard Bratton's cancer; and/or

    e. In failing to stop Decedent Richard Bratton's cancer from growing and spreading throughout his body; and/or

    f. In failing to appropriately refer Decedent Richard Bratton to a specialist; and/or

    g. In failing to perform necessary diagnostic testing; and/or

    h. In failing to adhere to the requisite standards of due care and skill required and observed by members of the profession in further particulars presently unknown to Plaintiff Gayla Bratton.

34. As a direct and proximate result of the negligence of Defendant, Decedent Richard Bratton was caused injury that resulted in his death.

35. As a direct and proximate result of the negligence of Defendant, Decedent Richard Bratton suffered and endured prior to his death a significant level of physical and mental pain and suffering.

36. As a direct and proximate result of the negligence of Defendant, Plaintiff Gayla Bratton, as the wife and heir at law of Decedent Richard Bratton, has suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of marital care, attention, advice and counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiff Gayla Bratton prays for judgment against Defendant United States of America under Count I of this Complaint, for just and fair compensation adequate to compensate Plaintiff for the injuries and damages suffered and incurred in the past and will continue to suffer and incur in the future, as well as for Plaintiff's costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

## COUNT II
(*Loss Chance of Recovery and/or Survival*)

COMES NOW Plaintiff Gayla Bratton, as Plaintiff ad Litem for Richard Bratton, deceased, and for Count II of this Complaint against Defendant USA, and alleges:

37. Plaintiff ad Litem Gayla Bratton hereby incorporates each of the preceding paragraphs as though fully set forth herein.

38. Defendant USA through its agents, employees, and/or servants while within the scope of their employment, owed a duty to Decedent Richard Bratton to possess and use the degree

of skill and learning ordinarily used under the same or similar circumstances by members of Defendant's profession; Defendant USA further had a duty to provide proper medical care to patients and, in particular to Decedent Richard Bratton.

39. Defendant USA breached said duties and was negligent in failing to use that degree of skill, care, learning, and judgment ordinarily used under the same or similar circumstances by members of its profession as stated herein and incorporated by reference.

40. As a direct and proximate result of the negligence and wrongdoing of Defendant USA as aforesaid, Decedent Richard Bratton who prior thereto had a material chance of survival and/or recovery, lost such chance for survival and/or recovery due to the negligence of Defendant.

41. As a direct and proximate result of the negligence of Defendant USA, Decedent Richard Bratton was caused to be damaged and injured as follows: he suffered a loss of a material chance of recovery; he suffered much greater pain of body and mind due to the negligent treatment by Defendant; he suffered a reduced life expectancy; he incurred reasonable and necessary medical expenses, including but not limited to, hospital bills, doctor's bills, and other related bills for medical treatment, the exact amount of which is unknown at this time; he suffered a loss of his enjoyment of life; that his injuries were permanent and progressive, and he suffered permanent injuries, disabilities, and a loss of chance of recovery.

42. As a direct result of the loss of survival and/or recovery of Decedent Richard Bratton, Gayla Bratton as Plaintiff ad Litem seeks recovery of such damages that Decedent Richard Bratton suffered between the time of his injuries and the time of his death, and for the recovery of which the decedent might have maintained an action had death not ensued; further, Plaintiff seeks damages for the pecuniary loss suffered by reason of the death of Decedent Richard Bratton, including funeral expenses and the reasonable value of the services, consortium, companionship,

comfort, instruction, guidance, counsel, training, and support which Plaintiff has been deprived by reason of the death of Richard Bratton.

WHEREFORE, Plaintiff Gayla Bratton, as Plaintiff ad Litem for Richard Bratton, deceased, prays for judgment against Defendant United States of America under Count II of this Complaint, for just and fair compensation adequate to compensate Plaintiff for the injuries and damages Decedent Richard Bratton has suffered and incurred in the past, as well as for Plaintiff's costs herein incurred and expended, and for such and further relief as the Court may deem just and necessary under the circumstances.

Respectfully submitted,

/s/ Leland F. Dempsey
Leland F. Dempsey    Mo# 30756
Dempsey & Kingsland, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868
(816) 421-2610 facsimile
ATTORNEYS FOR PLAINTIFFS